Battlb, J.
 

 The only question in this case is, whether the parol testimony offered by the defendant, to show that Jollie was her tenant whilst he was living on the land in controversy, was admissible. We are of the opinion that it was, and, therefore, that his Honor erred in rejecting it. The testimony proposed to be given was simply the declaration of Jollie, made while he was residing on the land, that he was there as the tenant of the defendant. The fact that he was on the land, was one which the defendant had clearly the right to prove by parol; and the declaration of the tenant was
 
 a part of the fact
 
 necessarily admissible, for the purpose of explaining it. The terms of the written lease between the
 
 *17
 
 defendant and Jollie were in no wise material to be shown-, and hence it was unnecessary to produce it. In the settlement, case of
 
 Rex
 
 v.
 
 the Inhabitants of Holy Trinity,
 
 14 Com. Law, 101, it became important for the defendants to prove that the pauper had gained a settlement in another parish by the occupatiomof a tenant therein, and the payment of rent therefor; and they were permitted to ghow those facts by parol, although the pauper held the tenement under a lease-in writing. Bailey, J., said-,
 
 “
 
 The general-rule is, that the contents of a written instrument cannot be proved without producing it. But, although there may be a- written instrument between the landlord and tenant, defining the terms of the- tenancy, the fact of the tenancy may be proved by parol without proving the terms of it. It was unnecessary in this case to prove by the written instrument either the fact of the tenancy-or.-the value of tfee premises.”
 

 In the case now- before us, the fact of the tenancy having been properly shown by parol, the declaration of the tenant as-to the person -under whom he held, was admissible by the same kind of evidence as
 
 jpars-rei gestee.
 
 This principle is-well established in this State, by several decisions, of which
 
 Askew
 
 v.
 
 Reynolds,
 
 1 D. and B., 367, is the leading case. For the error committed in-the- rejection of. the testimony offered to show that Jollie held the land in controversy as the tenant of the defendant, the judgment must be reversed, and a
 
 venire de novo
 
 awarded.